**EXHIBIT 1**

**DECLARATION UNDER PENALTY OF PERJURY**

I, Paul T. Hargen, of legal age, married, employee, and resident of Aguadilla, Puerto Rico, hereby state under penalty of perjury, pursuant to the Laws of the United States of America, 28 U.S.C. § 1746, that to the best of my knowledge and belief the following facts are true and correct:

1. I am the son of Robert Mason Hargen ("Robert Hargen").

2. My father executed the Deed of Trust Number 44 on October 25, 2000, known as the "Hargen Trust". At the time of execution, my father was married to Mrs. Nellie Sánchez Carmona ("Mrs. Sánchez").

3. My father named himself as first beneficiary and Mrs. Sánchez as the second beneficiary, provided she was alive and married to him at the time of his death. I was named beneficiary for purposes of distribution upon Mrs. Sánchez's death, if she became beneficiary, or upon my father's death, if Mrs. Sánchez did not become beneficiary. He also designated PaineWebber Trust Company of Puerto Rico as trustee, corporation now known as UBS Trust Company Puerto Rico ("UBS Trust").

4. My father passed on September 17, 2003. Mrs. Sánchez became the Hargen Trust's beneficiary since she was alive and married to my father at the time of his death.

5. One month after my father's death, on October 13, 2003, I sent an e-mail to UBS Trust providing Mrs. Sánchez's accurate physical and mailing address, and her telephone number, and her status as my father's wife at the time of his death.

6. I was named defendant by UBS Trust in a case filed before the Puerto Rico Court of First Instance styles <u>UBS Trust Company of Puerto Rico v. Nellie Sánchez Carmona, et al.</u>, Civil Case No. KAC2013-1015 (901) ("First State Case").

7. Mrs. Sánchez, represented by her alleged attorney-in-fact, Denise Branly, included me and my wife, María Luisa Amaral-Biblioni ("Amaral") as defendants in separate civil action in the Puerto Rico Court of First Instance, San Juan Part, in the case styled <u>Sánchez Carmona v. UBS Trust Company of Puerto Rico, et al.</u>, Civil Case No. KPE2014-0305 ("Second State Case").

8. During the pendency of these cases, Mrs. Sánchez passed away on May 22, 2014. The Court in the Second State Case dismissed the case without prejudice.

9. Through legal counsel, I requested distribution of the assets belonging to the Hargen Trust, pursuant to the terms of the Deed of Trust Number 44. UBS Trust did not perform distribution of the assets.

10. Mrs. Sánchez's heirs filed a case in the United States District Court for the District of Puerto Rico styled <u>Denise H. Branly, et al. v. UBS Trust Company Puerto Rico, et al.</u>, 14-01880 (CCC) ("First Federal Case").

11. Following various procedural events, Mrs. Sánchez's heirs and UBS Trust, together with UBS Financial Services Of Puerto Rico ("UBS PR") and UBS Financial Services, Inc. ("UBS Financial") (jointly "UBS Defendants") entered into a settlement agreement and moved the District Court for voluntary dismissal with prejudice of the claims between each other, and of Mrs. Sánchez' heirs claims against Amaral and I. My claims, and those of Amaral, were dismissed as moot.

12. Following dismissal of the First Federal Case, I notified UBS Trust a second written request for distribution of the assets in the Hargen Trust.

13. In response, on May 31, 2016, UBS Trust sent me, through my legal representation, a draft deed of termination and informed that its signing was customary. This proposed deed of termination contained an arbitration provision.

14. UBS Trust did not perform distribution of the assets.

15. Days after, Ms. Magda Broco, staff from UBS PR, contacted me personally and informed me that as a necessary pre-requisite to performing the distribution of the assets of the Hargen Trust, I needed to open a UBS PR brokerage account and enter into a client relationship agreement with UBS PR. Staff of UBS PR did not give me a different alternative or choice.

16. I opened the brokerage account and entered into a Client Relationship Agreement ("CRA") only because I was not given a choice to distribute the assets in the Hargen Trust that did not require opening UBS PR brokerage account and entering into a client relationship agreement with UBS PR.

17. On July 8, 2016, Amaral and I filed a separate federal Complaint against UBS Defendants. The Complaint is styled Paul T. Hargen, et al., v. UBS Trust Company Puerto Rico, et al., 16-2340 (FAB) ("Second Federal Case").

18. We had notified these claims against UBS Defendants in a proposed Amended Answer to the Third Amended Complaint and Crossclaim, filed with a Motion for Leave to File Amended Answer to the Third Amended Complaint and Crossclaim in the First Federal Case, on February 5, 2016.

19. In a letter dated on November 11, 2016, UBS Trust informed me that distribution of the assets could not be completed to my Morgan Stanley account and did not provide an alternative other than through the UBS PR brokerage account, which, as stated, I opened only because I was informed by UBS PR that it was a necessary pre-requisite to distribution of the assets.

20. The information and declarations included in the statements above is personally known to me, either because I was personally involved in the matter or because they arise from documents which I have personally reviewed.

_____
Paul T. Hargen